# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| REED AUTO OF OVERLAND PARK, LLC, d/b/a Reed Jeep Chrysler Dodge Ram; and REED AUTOMOTIVE GROUP, INC., ) ) ) ) ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 19-02510-JWB-KGG |
| ) | |
| LANDERS MCLARTY OLATHE KS, LLC, d/b/a Olathe Dodge Chrysler Jeep Ram, ) ) ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER ON MOTION TO COMPEL DISCOVERY

Now before the Court is Plaintiffs' Motion to Compel Discovery. (Doc. 43.) Having reviewed the submissions of the parties, Plaintiffs' motion is **GRANTED in part and DENIED in part** as more fully set forth herein.

## BACKGROUND

This case arises from an alleged breach of a 2007 settlement agreement and release. Plaintiffs seek enforcement of the agreement, under which, according to Plaintiffs, Defendant "promised not to protest the relocation of any other Chrysler dealerships in or around Overland Park, Kansas." (Doc. 1, at ¶ 1.) Plaintiffs allege that Defendant knew it was prohibited from doing this "but hoping that Plaintiffs

1

would not discover the written agreement's existence, [Defendant] violated its obligations under that agreement by protesting [Plaintiffs'] pending relocation." (*Id.*)  Plaintiffs contend that Defendant failed to disclose the agreement during the protest process, but Plaintiffs ultimately learned about it from a third party.  (Doc. 43, at 2.)  Although Defendant dismissed the protest in response to Plaintiffs' demands, Plaintiffs contend Defendant refused to compensate Plaintiffs for damages resulting from the protest.  (Doc. 1, at ¶ 1.)  Plaintiffs initiated this action to recover their attorneys' fees and costs they incurred while litigating against Defendant's administrative protest.  (Doc. 43, at 3.)

Plaintiffs contend that facts relating to Defendant's administrative protest are "critical discovery issues in this case, and what it and its agents knew of the restrictions and obligations imposed on it by the Settlement Agreement."  (*Id.*)  Consequently, Plaintiffs asked Defendant to produce documents relating to the Agreement's formation and documents relating to the Defendant's conduct in filing, litigating, and dismissing the administrative protest.  (*Id.*)  Plaintiffs claim that Defendant responded to the requests by "objecting liberally and conditionally 'to the extent' that each request was purportedly objectionable."  (*Id.*)  Defendant then agreed to produce documents, but according to Plaintiffs, never did.  (*Id.*)

On May 4, 2020, Defendant emailed Plaintiffs a Dropbox link stating that it contains all their documents being produced in this matter.  (*Id* at 3-4.)  Plaintiffs

found the production to be deficient and requested defense counsel either certify Defendant has no additional communications responsive to Plaintiffs' requests or to produce a privilege log showing any such communications. (*Id.*, at 4.) Plaintiffs claim Defendant ignored this request. (*Id.*)

## ANALYSIS

**I.    Legal Standard for Discovery and Motions to Compel.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. **Holick v. Burkhart**, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).  Within this context, the Court will address the discovery requests at issue.

The scope of discovery is broad, but not unlimited.  That stated, "[u]nless a discovery request is facially objectionable, the party resisting discovery has the burden to support its objections." **Ezfauxdecor, LLC v. Smith**, No. 15-9140-CM-

3

KGG, 2017 WL 2721489, at *2 (D. Kan. June 23, 2017) (citing *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, n.36 (D. Kan. 2004) (citation omitted)).  Further, Fed.R.Civ.P. 34 allows a party to secure discovery through document requests and a party responding to a Rule 34 request has "a duty to produce all responsive documents in their possession, custody, or control." *Starlight Intern, Inc. v. Herlihy*, 186 F.R.D. 626, 643 (D. Kan. 1999).

**II.     Conditional Responses and Unsupported Objections.**

   **A.     Requests Nos. 1-16.**

Plaintiffs served 17 document requests on Defendant relating to topics such as documents identified in response to interrogatories, documents relating to the underlying agreement, the market for relevant vehicles, sales volume, and documents supporting affirmative defenses.  (*See generally* Doc. 43-1.)  In response to Requests Nos. 1-16, Defendant objected, at least in part, "to the extent" the requests sought "documents and/or information protected by the attorney/client privilege, work product privilege or other applicable privilege, and constitutes or discloses the mental impressions, conclusions, opinions or legal theories of the attorney for the Defendant."[1]  (*See generally, id.*)  Defendant then stated that "subject to" these objections, it is or has produced responsive documents.

---

[1] In response to Request No. 17, which sought documents supporting denials or qualified admissions to requests for admissions, Defendant objected that the request was vague and ambiguous.  (Doc. 43-1, at 11.)  This Request will be addressed separately herein.

4

This Court has consistently found that such conditional responses are improper.

> Conditional responses 'occur when 'a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections.' ' ***Westlake v. BMO Harris Bank N.A.***, No. 13-2300-CM-KGG, 2014 WL 1012669, *3 (D.Kan. March 17, 2014) (citing ***Sprint Comm'n Co., L.P. v. Comcast Cable Comm'n, LLC***, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 54544, *2, 3 (D.Kan. Feb. 11, 2014). *See also*, ***Everlast World's Boxing Headquarters Co. V. Ringside, Inc.***, No. 13-2150-CM-KGG, 2014 WL 2815515, at *3 (D.Kan. June 23, 2014). This Court reiterates its agreement with the *Sprint* decision that found such conditional responses to be 'invalid,' 'unsustainable,' and to 'violate common sense.' 2014 WL 54544, *2, 3.

***EEOC v. BNSF Ry. Co.***, No. 12-2634-JWL-KGG, 2015 WL 161192, n. 1 (D.Kan. Jan. 13, 2015). Responses using the "to the extent" qualifier are equally "improper and confusing [in] nature … ." ***Benney v. Midwest Health, Inc.***, No. 17-2548-HLT-KGG, 2019 WL 3066425, at *15 (D. Kan. July 12, 2019) (citation omitted). Such responses allow the party seeking discovery "no way of knowing whether no responsive document exist or whether responsive documents exist but are being withheld subject to the objection." (*Id*. (citation omitted).)

Simply stated, Plaintiffs' requests are not facially objectionable and Defendant's boilerplate objections are unsupported and clearly improper. Also improper are Defendant's conditional responses. The objections and conditional responses are hereby **stricken**. Defendant is ordered to provide supplemental

5

responses to these discovery requests **without objection** within thirty (30) days of the date of this Order.

### B.  Requests Nos. 5 and 11.

In addition to these boilerplate attorney/client privilege objections, in response to Requests Nos. 5 and 11, Defendant raised additional objections as to relevance, not reasonably calculated to lead to the discovery of admissible evidence,[2] exceeding the scope of the Federal Rules, and seeking confidential information.  (Doc. 43-1, at 4-5, 7-8.)  Defendant again qualified its objections "to the extent" the discovery requests were objectionable.  (*Id.*)  Defendant provided no factual support or explanation as to why or how the requests are irrelevant or beyond the scope of the Federal Rules.  These boilerplate and conditional objections clearly fail to meet its burden in opposing the discovery requests. ***Waters v. Union Pac. RR Co.***, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) (holding that once a party filing a motion to compel has established the "low burden of relevance ..., the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request")

---

[2] The Court instructs Defendant that the Federal Rules of Civil Procedure abandoned the "not reasonably calculated standard" in exchange for the "proportional to the needs of the case" standard five years ago with the 2015 amendments to Rule 26(b). ***Mayhew v. AngMar Medical Holdings, Inc.***, No. 18-2365-JWL-KGG, 2019 WL 5535243, at n.1, n.2 (D. Kan. Oct. 25, 2019) (citing Fed.R.Civ.P. 26(b)).  *See also* ***Frick v. Henry Industries, Inc.***, 13-2490-JTM-GEB, 2016 WL 6966971, at *5 (D. Kan. Nov. 29, 2016).

(citing **Swackhammer v. Sprint Corp. PCS**, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request bears the burden to support the objections)).  *See also* **Benney**, 2019 WL 3066425, at *10, *15 (citation omitted) (holding that qualified responses terms such as "to the extent" and "subject to" are "improper and confusing [in] nature, leaving the party seeking discovery "no way of knowing whether no responsive document exist or whether responsive documents exist but are being withheld subject to the objection.").

Further, the production of private or confidential information is not, in and of itself, a valid reason to withhold discovery as the production could governed by a protective order.  **High Point SARL v. Sprint Nextel Corp.**, No. 09-2269-CM-DJW, 2011 WL 4008009, at *2 (D. Kan. Sept. 9, 2011).  "'A concern for protecting confidentiality does not equate to privilege.'" *Id*. (citation omitted).  As such, the Court **overrules** these objections and **GRANTS** Plaintiffs' motion as to Requests Nos. 5 and 11.

    C.    **Request No. 17.**

This request seeks documents supporting any response by Defendant to Plaintiffs' First Requests for Admission that was other than an unqualified admission.  (Doc. 43-1, at 11.)  Defendant objected that the request was vague and ambiguous without providing any explanation as to <u>how</u> the request was vague or ambiguous.  (*Id*.)  Again, unsupported conditional and/or boilerplate objections

7

such as these are improper.  *Everlast World's Boxing Hdqtrs. v. Ringside, Inc.*, No. 13-2150-CM-KGG, 2014 WL 2815515, at *7, *8, *9 (D. Kan. June 23, 2014) (holding that where a responding party has made no attempt to establish vagueness or irrelevance of the objected-to discovery request, such unsupported, boilerplate objections are to be overruled).  *See also **Benney***, 2019 WL 3066425, at *10, *15 (citation omitted).  The Court **overrules** the same.

After stating these objections, Defendant responds that "[s]ubject to and without waiving the foregoing objections, see those documents that have been produced that are responsive to this request." (*Id.*)  For the reasons discussed above, the Court again **strikes** this conditional response.  Defendant is ordered to provide supplemental responses to these discovery requests **without objection** within thirty (30) days of the date of this Order.

### III.  Sufficiency of Production.

Plaintiffs complain that Defendant's document production was insufficient. (Doc. 43, at 7.)  According to Plaintiffs, the "production contained only documents [Defendant] produced during its improper administrative protest and a handful of email chains from Kevin Lawyer, Olathe Dodge's general manager." (*Id.*)  Plaintiffs acknowledge that defense represented that the production "'contains all our documents being produced in this matter.'" (*Id.*, citing Doc. 43-2, at 8.)

Plaintiffs argue, however, that "[p]roducing so few documents from only a single custodian suggests that [Defendant] made no search for documents other than to ask Mr. Lawyer to provide whatever emails he thought were relevant." (*Id.*) Plaintiffs contend that "[t]his is plainly insufficient to satisfy its obligations under Rule 34." (*Id.*; *see also* Doc. 56, at 2-3.)

Defendant responds that it conducted a reasonable search for documents in compliance with the Federal Rules of Civil Procedure. (Doc. 50, at 4.) According to Defendant,

> [t]his search was not merely limited to a search by asking only one person to produce his emails. Rather, it was an extensive word based search conducted by the IT department of the entire system with the following search words: 'Overland Park Jeep," 'Overland Park Venture,' 'Reed Auto,' 'Protest,' 'Relocation,' 'Randy Reed,' 'Reed Jeep,' 'Matt Williams,' 'Mike Siegel,' 'DaimlerChrysler,' and 'FCA.' Moreover, the search conducted by Defendant … was not limited in time. Aside from the documents that were withheld based upon an asserted privilege, Defendant LM has produced near 2,000 pages of documents that were obtained as a result of its extensive search. Moreover, the Defendant's search encompassed devices that were captured on the RACK space system, which provides cloud-based e-mail management for security, archiving, and continuity and has done so since 2012. Aside from hard copies of documents, which have been produced, Defendant LM has not been able to locate any electronic based documents prior to 2012.
> In its Motion, the Plaintiffs do not point to any specific document that has not been produced, but rather they only argue that the search conducted by Defendant … was not extensive enough.

9

(*Id*., at 4-5.)

The Court finds that Plaintiffs have failed to support their claim that Defendant has made an incomplete search for documents. Defendant contends it conducted a thorough search and could not locate any additional responsive documents. (Doc. 50, at 4-5.) This Court has long held, and common sense dictates, that a party cannot be ordered to produce documents that do not exist. ***Nyanjom v. Hawker Beechcraft, Inc.***, No. 12-1461-JAR-KGG, 2014 WL 667885, at \*4 (D. Kan. Feb. 20, 2014). Plaintiffs have offered no supporting evidence that other such documents do in fact exist and the Court will not rely on Plaintiffs' conclusory statements and assumptions for such a finding. (*See generally* Docs. 43 and 56.) If additional evidence of this is discovered, the Court may allow the claim to be renewed.[3]

## IV.   Claims of Privilege and Corresponding Privilege Log.

Plaintiffs next raise concerns about Defendant's reliance on attorney-client privilege. (Doc. 43, at 8*.*) The Court agrees with Plaintiffs' argument that "the

---

[3] The Court notes Plaintiffs' reference to a letter from counsel for FCA US LLC, which began with the phrase "[a]s you know from our previous communications…" (Doc. 56-1, at 2.) The fact that the parties to this correspondence had previously communicated does not, in the Court's opinion, establish that responsive documents exist or are being withheld. The Court also fails to see the relevance of an email Plaintiffs rely on regarding charity events in Texas and Kansas. (Doc. 56-2.) Also, a reference to a text message in an e-mail from Mr. Lawyer regarding unspecified property also does not indicate the information was relevant to this case or the categories of documents requested. (Doc. 56-3, at 2.)

privilege 'is not absolute.'" (*Id.*, citing ***In re Grand Jury Subpoena to Kansas City Bd. of Pub. Utilities***, 246 F.R.D. 673, 681 (D. Kan. 2007)).)

The Court also agrees with Plaintiffs' statement that "'[a]mong other exceptions, the attorney-client privilege does not apply where the client consults an attorney to further a crime or fraud.'" (Doc. 43, at 8.) That stated, Plaintiffs have not established that any of Defendant's claims of attorney-client privilege are negated by the crime-fraud exception. To the contrary, this single, off-hand reference to the crime-fraud exception is the only mention of the exception in Plaintiffs' motion. (*See generally* Doc. 43.) In other words, Plaintiffs have made no effort in their motion to link Defendant's actions and communications with its counsel to a criminal or fraudulent act.[4]

Plaintiffs do, however, contend that Defendant may be withholding documents as privileged, but Defendant "has made no attempt to satisfy its burden in asserting privilege." (*Id.*, at 10.) A party withholding documents on the grounds of privilege must expressly make the claim of privilege, usually in the

---

[4] The Court acknowledges that Plaintiffs make more of an attempt to discuss this issue in their reply brief. (*See* Doc. 56, at 6-7.) Unfortunately, by not making these arguments in their opening brief, Plaintiffs have waived the arguments. "The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." ***Reedy v. Werholtz***, 660 F.3d 1270, 1274 (10th Cir. 2011) (quotations and citation omitted); *see also* ***Clark v. City of Shawnee, Kansas***, 2017 WL 698499, at *1 (D. Kan. 2017) (applying Reedy to district courts). Further, Defendant does not reference the concept of the crime-fraud exception in its brief in opposition. (Doc. 50.) Thus, these new arguments contained in the reply brief were not necessitated by new arguments raised by Defendant.

11

form of a privilege log. *Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.*, 05-2433-JWL-DJW, 2007 WL 1347754 (D.Kan. May 8, 2007) (citing Fed.R.Civ.P. 26(b)(5)).

Plaintiffs request that this Court require Defendant "to produce communications with counsel or, at minimum, produce a privilege log containing information sufficient 'to enable the court to determine whether each element' of privilege is satisfied." (Doc. 43, at 10.) At the time Plaintiffs filed their motion, Defendant had yet to provide a privilege log but subsequently did so. (Doc. 50, at n.3.) Defendant responds that the log it subsequently produced adequately describes the nature of the documents withheld, enabling Plaintiffs to determine if the elements of the privilege have indeed been satisfied. (Doc. 50, at 10, referencing Doc. 50-1.)

The application of the attorney-client privilege in this District was recently summarized by Magistrate Judge O'Hara in the case of *In re Syngenta Ag Mir 162 Corn Litigation*:

> Fed. R. Civ. P. 26(b)(1) limits discovery to 'nonprivileged matters.' Because this litigation arises out of a federal statutory scheme, federal law governs the application of the attorney-client privilege. Under federal common law, the essential elements of the attorney-client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from

> disclosure by himself or by the legal advisor, (8) except if the protection is waived. Although this description suggests that the privilege only operates to protect the client's communications to a lawyer, the Tenth Circuit recognizes that a lawyer's communication to a client is also protected if it is 'related to the rendition of legal services and advice.' The party asserting the privilege bears the burden of establishing that the elements are met.

No. 14-2591-JWL, 2017 WL 386835, at *4 (D. Kan. Jan. 27, 2017) (internal citations omitted).

Defendant points out that its privilege log contains the following categories of information, making it "sufficient to describe the nature of the said documents" and establish the applicability of the privilege: 1) document number; 2) date of document; 3) document type; 4) author of document; 5) recipients; 6) persons with access; 7) number of pages; 8) subject matter; 9) title; 10) category of privilege; 11) and attachments. (Doc. 50, at 10; Doc. 50-1.) Defendant argues that

> b]ased upon the information contained in the Privilege Log, [it] has substantiated its objections in this matter, in that the communications and documents are protected by an attorney/client privilege and/or constitute work product. Specifically, legal advice was sought and provided, from a professional legal advisor, the communication relate to such purpose, were made in confidence, by the attorney or client, and are protected from disclosure.

(*Id*., at 10-11.)

13

The Court finds that Defendant's privilege log is sufficient except to the extent the Plaintiffs cannot tell the roles of the non-lawyer authors, recipients, and/or persons with access to determine whether they are within the privilege. (*See* Doc. 50-1, columns 4-6.)  Plaintiffs' motion is **GRANTED in part** and Defendant is instructed to supplement the log by clarifying the identity and role of all named senders, recipients, and individuals with access.  Defendant is instructed by the Court to submit the supplemental privilege log detailing all of this additional information to Plaintiff **within two weeks of the filing of this order**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (Doc. 43) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

**IT IS SO ORDERED.**

Dated this 31st day of August, 2020, at Wichita, Kansas.

      S/ KENNETH G. GALE
      HON. KENNETH G. GALE
      U.S. MAGISTRATE JUDGE