## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

REED AUTO OF OVERLAND    )
PARK, LLC, d/b/a Reed Jeep    )
Chrysler Dodge Ram; and REED    )
AUTOMOTIVE GROUP, INC.,    )
    )
    Plaintiffs,    )
    vs.    )    Case No. 19-02510-JWB-KGG
    )
LANDERS MCLARTY OLATHE    )
KS, LLC, d/b/a Olathe Dodge    )
Chrysler Jeep Ram,    )
    )
    Defendant.    )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL DISCOVERY

Now before the Court is Defendant's Amended Motion to Compel.  (Doc. 51.)  Having reviewed the submissions of the parties[1], Plaintiffs' motion is **GRANTED in part and DENIED in part** as more fully set forth herein.

## BACKGROUND

This case arises from an alleged breach of a 2007 settlement agreement and release.  Plaintiffs seek enforcement of the agreement, under which, according to

---

[1]  The Court also reviewed and considered Defendant's initial Motion to Compel and attachments thereto (Doc. 37), which was denied as moot after Defendant filed the Amended Motion to Compel (Doc. 51).

Plaintiffs, Defendant "promised not to protest the relocation of any other Chrysler dealerships in or around Overland Park, Kansas." (Doc. 1, at ¶ 1.) Plaintiffs allege that Defendant knew it was prohibited from doing this "but hoping that Plaintiffs would not discover the written agreement's existence, [Defendant] violated its obligations under that agreement by protesting [Plaintiffs'] pending relocation." (*Id.*)

Plaintiffs contend that Defendant failed to disclose the agreement during the protest process, but Plaintiffs ultimately learned about it from a third party. (Doc. 43, at 2.) Although Defendant dismissed the protest in response to Plaintiffs' demands, Plaintiffs contend Defendant refused to compensate Plaintiffs for damages resulting from the protest. (Doc. 1, at ¶ 1.) Plaintiffs initiated this action to recover their attorneys' fees and costs they incurred while litigating against Defendant's administrative protest. (Doc. 43, at 3.)

In regard to the present motion,[2] Defendant initially moved to compel on June 4, 2020 (*see* Doc. 37), but subsequently amended the motion after Plaintiffs produced an "incomplete" series of documents (Doc. 51; Doc. 60, at 2). Following the filing of the present, amended motion (Doc. 51), Plaintiffs again produced

---

[2] The Court acknowledges Plaintiff's argument that Defendant failed to adequately meet and confer pursuant to Fed.R.Civ.P. 37 and D. Kan. Rule 37.2. (*See* Doc. 57, at 4-7.) The Court finds, however, that the parties' communication, though unsuccessful, complied with the Court's requirements. (*See* Doc. 60, at 3.)

responsive documents on August 7, 2020, several days before Defendant's reply

brief was due (Doc. 60, at 2).  Defendant argues that "Plaintiffs again have fails

[sic] to provide any explanation as to the reason why such documents were never

initially produced and again have failed to produce all documents."  (Doc. 60, at

2.)  Defendant continues that

> the vast majority of documents that have been requested
> involve a 2017 asset purchase transaction, and also
> documents from the Kansas Administrative Proceeding
> occurring from April 2019, through 2019.  All such
> documents have always been in the possession of the
> Plaintiffs and their counsel during this entire proceeding.
> Yet, never produced and intentionally withheld for
> absolutely not reason.  Frankly, such delay tactics is [sic]
> egregious and should not be accepted by this Court, when
> it is merely to delay the orderly administration of justice
> and also an attempt by counsel to obtain some tactical
> advantage in this proceeding.

(*Id.*)

According to Defendant's reply brief, the following categories of responsive

documents have yet to be provided:

> a.      Documents sent to and/or received from the
> Kansas Department of Revenue, Dealer Licensing, for
> the past 5 years, including, but not limited to documents
> involving the Application for Relocation.[3]

> b.      Company organization documents, including, but
> not limited to Articles of Organization, Operating
> Agreement, etc.[4]

---

[3] Requests Nos. 9 and 28.  Doc. 37, at 18, 28, 66, 76.
[4] Request No. 11, Doc. 37, at 19, 67.

  c. Documents relating to your license to sell new and used motor vehicles in the State of Kansas.[5]

  d. Documents that support your allegation that 'Fiat Chrysler Automobiles is a successor-in-interest to DaimlerChrysler Motors Company, LLC.'[6]

  e. Documents pertaining to damages.

    i. Value of time spent by the Plaintiffs.
    ii. Documents for special injury.[7]

  f. Documents that support your allegation that you 'have been and are 'successors' of the Agreement, entitling them to all of the rights and benefits of the Agreement.'[8]

  g. Documents that support your allegation that 'Plaintiffs are also third-party beneficiaries of the Agreement, entitling them to all of the rights and benefits of the Agreements.'[9]

(Doc. 60, at 4; *compare to* Doc. 51, at 9 (which would indicate that certain issues relating to damages and agreements with FCA, which were at issue in original motion are no longer at issue).)  Defendant contends that Plaintiffs have "only

---

[5] Request No. 13, Doc. 37, at 20, 68-69.
[6] Request No. 57, Doc. 37, at 42, 89.
[7] The Court cannot find a Request for Production containing this exact language. Request No. 87, however, seeks documents supporting Plaintiffs' "request for damages alleged in your Complaint, including any amendment thereto, including, but not limited to your claim for compensatory damages and exemplary damages as forth in the Prayer for Relief."  (Doc. 37, at 55, 102.)
[8] Request No. 73, Doc. 37, at 50, 96-97.
[9] Request No. 74, Doc. 37, at 50, 97.

recently" submitted a privilege log.  (*Id.*, at 5.)  That stated, according to

Defendants,

> of the documents withheld, none of the documents
> requested above are listed on the Privilege Log and the
> Plaintiffs have never provide any reason why such
> documents should not otherwise be produced.  Even now,
> the Plaintiffs admit that they still have not produced all
> documents responsive to the requests for production of
> documents.  But, offer no explanation as to why they
> haven't been produced.

(*Id.*, at 5.)

# ANALYSIS

## I.   Legal Standard for Discovery and Motions to Compel.

Federal Rule of Civil Procedure 34 allows a party to secure discovery

through document requests.  The party responding to a Rule 34 request has "a duty

to produce all responsive documents in their possession, custody, or control."

***Starlight Intern, Inc. v. Herlihy***, 186 F.R.D. 626, 643 (D. Kan. 1999).

Federal Rule of Civil Procedure 26(b) states that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit.  Information within this

> scope of discovery need not be admissible in evidence to
> be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. ***Holick v. Burkhart***, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Relevance is "broadly construed" at the discovery stage. ***Kimberly Young v. Physician Office Partners, Inc.***, No. 18-2481-KHV-TJJ, 2019 WL 4256365, at *1 (D. Kan. Sept. 9, 2019) (citation omitted). "Relevant information is 'any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claims or defenses." *Id*. (quoting ***Rowan v. Sunflower Elec. Power Corp.***, No. 15-cv-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016)) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).

While the scope of discovery is broad, it is not unlimited. That stated, "[u]nless a discovery request is facially objectionable, the party resisting discovery has the burden to support its objections." ***Ezfauxdecor, LLC v. Smith***, No. 15-9140-CM-KGG, 2017 WL 2721489, at *2 (D. Kan. June 23, 2017) (citing ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, n.36 (D. Kan. 2004) (citation omitted)). Within this context, the Court will address the discovery requests at issue.

## II.  Requests at Issue.

6

As indicated above, the Requests for Production at issue are Nos. 9, 11, 13, 28, 57, 73, 74, and 87.[10]  As an initial matter, the Court notes that none of the requests are facially objectionable.  The Court will thus address, in turn, each of these Requests – and whether Plaintiffs have supported their various objections.

### A.    Requests Nos. 9 and 28.

Request No. 28 seeks "documents sent to and/or received from the Kansas Department of Revenue relating to the Application for Relocation that was filed in 2019, including, but not limited to any notice, correspondence, emails, text messages, memos, reports, etc."[11]  (Doc. 37, at 28.)  Plaintiffs initially object to the use of the "undefined term 'etc.'"  (*Id.*)  The Court agrees that this term is facially vague and ambiguous and, therefore, improper.  The Court **sustains** this portion of Plaintiffs' objection, while noting that Plaintiffs respond to the request "as if that term were omitted."  (*Id.*)

Plaintiffs continue that that the remainder of the request is

> overly broad, unduly burdensome, and disproportionate
> to the needs of the case, in seeking 'any and all'
> documents sent or received from the Kansas Department

---

[10]  The Court notes that there are two sets of Requests, one to Plaintiff Reed Auto of Overland Park, LLC (Doc. 37, at 10- 57) and one to Plaintiff Reed Automotive Group, Inc. (Doc. 37, at 58-104).  Because the requests and responses are identical, the Court will cite only to the set served on Plaintiff Reed Auto of Overland Park.

[11] It appears from the briefing of this motion that any documents sought by Request No. 9 have been limited to such information involving the Application for Relocation.  (Doc. 51, at 10; Doc. 60, at 4.)

of Revenue relating to the Application for Relocation and because it seeks documents that are within Defendant's possession, custody or control, as Defendant participated actively in that proceeding by protesting it despite its plain agreement not to do so. The parties in this lawsuit are not litigating the relocation itself – which Defendant conceded was entirely proper by withdrawing its meritless protest as soon as it knew that it had been caught.

(*Id.*) Plaintiffs continues that subject to these objections, they will produce, "on a rolling basis, any non-privileged documents that Plaintiff locates after a reasonable search proportionate to the needs of this case that both are responsive to this Request and that relate to Defendant's protest of Plaintiff's Application for Relocation." (*Id.*)

In its reply brief, Defendant argues that

this case stems from a 2007 Settlement Agreement that was executed by Defendant … and DaimlerChrysler Motors Company, LLC. The Plaintiffs aren't even a party to the agreement, but are trying to enforce a contract from an assignment only recently obtained. Thus, it is necessary to look … even look at the 2019 application for relocation that was filed with the Kansas Department of Revenue, including the Notice of Protest. Consequently, such documents requested by Defendant … are relevant to lead to the discovery of admissible evidence.

(Doc. 60, at 6.)

Given the broad scope of discovery, ***Kimberly Young***, 2019 WL 4256365, at *1, as well as Plaintiff's willingness to produce non-privileged documents that are

8

both "responsive to this Request and that relate to Defendant's protest of Plaintiff's Application for Relocation," the Court finds that Defendant has established the relevance of the information requested.  This portion of Defendant's motion is **GRANTED**.

>    **B.    Requests Nos. 11 and 13.**

Request No. 11 seeks "company organization documents, including, but not limited to Articles of Organization, Operating Agreement, minutes of meetings (annual and special), etc."  (Doc. 37, at 19.)  Request No. 13 asks for "all documents relating to your license to sell new and used motor vehicles in the State of Kansas."  (*Id*., at 20.)

Plaintiffs object that these requests are overly broad, unduly burdensome, disproportionate to the needs of the case, and irrelevant because they seek "all of Plaintiff's formation documents and meeting minutes, without regard to any particular relevant issue in this dispute" (*id*., at 19, as to Request No. 11) as well as "any document relating to Plaintiff's license to sell motor vehicles in Kansas, without regard to any particular relevant issue in this dispute" (*id*., at 20, as to Request No. 13).  Plaintiffs continue by objecting that these requests have been sought for

> improper purposes, as it seeks such plainly irrelevant
> information on its face that it is either intended to impose
> upon Plaintiff a deliberately improper burden to conduct
> a fishing expedition for irrelevant information, or to use

> this lawsuit as a vehicle for harvesting information that
> Defendant may intend to use in competing with Plaintiff
> in the marketplace.

(*Id.*, at 19, 20.)

In their response brief, Plaintiffs argue that Defendant "has never explained why [Plaintiff's] organizing and licensing documents are relevant to any contested issue." (Doc. 57, at 9.) Plaintiffs continue that there is no dispute between the parties that Reed Automotive Group, Inc. and Reed Auto of Overland Park, LLC are "legitimate businesses." (*Id.*) Further, the parties do not dispute that Reed Auto of Overland Park, LLC "is licensed to sell new and used vehicles in Kansas, and Reed Auto has admitted that Reed Automotive Group, Inc. is not a vehicle dealer of any kind." (*Id.*) As such, Plaintiffs argue that "[h]ow these entities are structured, the details of their operating agreements, and board meeting minutes have no impact on any claim or defense that the parties have asked this Court to decide." (*Id.*)

The Court finds Plaintiffs' arguments regarding these categories of documents to be persuasive. Further, Defendant did not specifically discuss any of these arguments in its reply brief. (*See generally* Doc. 60.) As such, the Court **sustains** these objections to Requests Nos. 11 and 13. These portions of Defendant's motion are **DENIED**.

### C.     Request No. 57.

This request seeks information related to paragraph 7 of the Complaint, which alleges that "[Plaintiff] Reed Auto and [Defendant] Landers McLarty are currently licensed to sell motor vehicles in the State of Kansas, and are authorized Fiat Chrysler Automobiles ('FCA') dealers, FCA being a successor-in-interest to DaimlerChrysler Motors Company, LLC following the latter's bankruptcy." (Doc. 1, at 3.) In this context, Defendants request "all documents that support your allegation that 'Fiat Chrysler Automobiles is a successor-in-interest to DaimlerChrysler Motors Company, LLC.' (Doc. 37, at 42.)

Plaintiffs object that the request seeks

> attorney theories and mental impressions that are protected from disclosure by the work product doctrine. Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeks documents within Defendant's possession, custody or control and are a matter of public record, and which Defendant is further seeking by subpoena from Fiat Chrysler Automobiles.

(*Id.*) In its brief in opposition, Plaintiffs contend that they have "no obligation to produce those documents because they are largely public records of bankruptcy proceedings, and any additional records are in the possession, custody, and control of FCA US LLC." (Doc. 57, at 10.) That stated, Plaintiffs indicate that "[d]espite this and other valid objections, [Plaintiff] Reed Auto has obtained additional public records responsive to [Defendant's] requests, and it will produce them on or before

July 31, 2020." (*Id*.)  As such, Plaintiffs ask the court to deny this portion of Defendant's motion as moot.  (*Id*.)

As discussed above, Defendant contends "this case stems from a 2007 Settlement Agreement that was executed by Defendant … and DaimlerChrysler Motors Company, LLC."  (Doc. 60, at 6.)  Defendant continues that Plaintiffs are not "even a party to the agreement, but are trying to enforce a contract from an assignment only recently obtained."  (*Id*.)  Thus, according to Defendant, "it is necessary to look at the 2017 asset purchase [and] consider issues involving "successors and assigns," which Defendant contends "are relevant to lead to the discovery of admissible evidence."  (*Id*.)

 Given Plaintiffs' stated willingness to produce additional documents, the Court **GRANTS** this portion of Defendant's motion.  The Court notes that in Defendant's reply brief, filed almost two weeks after Plaintiffs' stated self-imposed deadline to produce additional records, there is no reference to any supplemental production.  To the extent Plaintiffs have not produced the additional documentation, the Court instructs it do so **within twenty-one (21) days of the date of this Order**.

### D.    Requests Nos. 73, 74, and 87.

Request No. 73 seeks information supporting paragraph 41 of Plaintiffs' Complaint, which alleges that "[s]ince the time of the closing of Plaintiffs'

purchase of Overland Park Ventures' assets on February 1, 2018, Plaintiffs have been and are 'successors' of the Agreement, entitling them to all of the rights and benefits of the Agreement."  (Doc. 1, at 7; Doc. 37, at 50.)  Request No. 74 seeks information supporting paragraph 42 of Plaintiff's Complaint, which alleges that "Plaintiffs are also third-party beneficiaries of the Agreement, entitling them to all of the rights and benefits of the Agreements."  (*Id*.)  Finally, Request No. 87 asks for "all documents that support your request for damages alleged in your Complaint, including any amendment thereto, including, but not limited to your claim for compensatory damages and exemplary damages as forth in the Prayer for Relief."  (Doc. 37, at 55.)

Plaintiffs initially raised various objections to the requests, including that they sought "attorney theories and mental impressions that are protected from disclosure by the work product doctrine."  (Doc. 37, at 50, 55.)  Plaintiffs have, however, agreed to produce "all documents responsive to these requests."  (Doc. 57, at 11.)  This portion of Defendant's motion is, therefore, **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 51) is **GRANTED in part** and **DENIED in part** as more fully set forth above.  All responsive documents ordered to be produced herein shall be produced **within twenty-one (21) days of the date of this Order**.

**IT IS SO ORDERED.**

Dated this 2nd day of September, 2020, at Wichita, Kansas.

/S KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE