## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| REED AUTO OF OVERLAND PARK, LLC, d/b/a Reed Jeep Chrysler Dodge Ram; and REED AUTOMOTIVE GROUP, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )   Case No.: 2:19-cv-02510-HLT |
| LANDERS MCLARTY OLATHE KS, LLC, d/b/a Olathe Dodge Chrysler Jeep Ram, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

### PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE AND SUGGESTIONS IN SUPPORT

Plaintiff Reed Auto of Overland Park, LLC ("Reed Auto") hereby submits these motions in limine under the Court's Trial Order (ECF 101).

### LEGAL STANDARD

These motions are based largely on Federal Rule of Evidence 401, defining relevant evidence, Rule 402, barring irrelevant evidence, and Rule 403, empowering courts to preclude evidence deemed unfairly prejudicial, confusing or misleading, or otherwise insufficiently probative to warrant an expenditure of trial time. *See* Fed. R. Evid. 401-403.

Under Rule 402, only relevant evidence is admissible and, conversely, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if it tends to make a fact of consequence to the issues in question "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if this threshold of relevancy is met, however, Rule 403 clarifies that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time . . . ." Fed. R. Evid. 403; *see also United States v. Talamante*, 981 F.2d

1153, 1156 n.5 (10th Cir. 1992) (holding that a district court may exclude evidence under Rule 403 if it would lead to "collateral mini trials"). Unfair prejudice means "an undue tendency to suggest decision on an improper basis," which is "'commonly, though not necessarily, an emotional one.'" *In re Hardesty*, 242 B.R. 712, 715 (Bankr. D. Kan. 1999) (quoting Fed. R. Evid. 403, advisory committee notes).

Additional rules and standards specific to particular motions are set forth where appropriate below.

## MOTIONS IN LIMINE

**1. Motion No. 1: Exclude Evidence or Argument to the Effect that manufacturer FCA US, LLC did not obtain all rights, title, and interest in the 2007 Settlement Agreement**

The Court should exclude the introduction of any purported evidence and preclude any argument by Defendant to the effect that manufacturer FCA US LLC did not obtain all rights, title, and interest in the 2007 Settlement Agreement. During the Rule 30(b)(6) deposition of Defendant taken on October 21, 2020, counsel for Plaintiff examined Defendant on the subject of whether the manufacturer at the time of Landers McLarty's protest, FCA US LLC, obtained the rights to the 2007 Settlement Agreement executed by DaimlerChrysler Motors Company LLC. Counsel for Plaintiff first inquired of the *factual* basis for any position by Landers McLarty that FCA US, LLC is not the successor to DaimlerChrysler, to which Landers McLarty's responded that it was unable to provide any such facts. *See* Landers McLarty Corp. Rep. Dep. Tr. 88:3-15.[1] Plaintiff then examined Defendant's corporate designee on the subject by using various historical corporate documents reflecting the chain of transfer of such rights from DaimlerChrysler to FCA US LLC.

---

[1] Relevant excerpts from Landers McLarty's corporate representative's deposition transcript are attached hereto as **Exhibit A**.

These exhibits include Deposition Exhibits 50 through 53 (which Reed Auto designated as Plaintiff's Trial Exhibits 7, 11, 12, and 14).  *See* Ex. A 88:16-98:16.

Immediately after the examination of Landers McLarty using these corporate records which it did not dispute, the following exchange occurred:

*Q.: Okay, All right.  So FCA, do you – **you don't have any reason to dispute that FCA US, LLC, obtained all rights, title, and interest in the 2007 Settlement Agreement, do you?***

*A.: No.*

*See id.* at 98:17-21 (emphasis added).

Landers McLarty has therefore made an evidentiary admission that FCA US, LLC, the manufacturer at the time of its administrative protest, obtained all rights, title, and interest in the 2007 Settlement Agreement.  "In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation." *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006). The witness "does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic." *Id.* (internal quotation marks omitted). "Because the designee testifies on behalf of the corporation, the entity itself is held accountable for that testimony." *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4334918, at *3 (D. Kan. Dec. 6, 2007) (citing *id.*; *Starlight Intern. Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999); *Media Servs. Group., Inc. v. Lesso, Inc.*, 45 F. Supp. 2d 1237, 1253 (D. Kan. 1999); *Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.*, No. 05-2433-JWL-DJW, 2007 WL 2333356, at *7 (D. Kan. Aug. 15, 2007)).  Therefore, in the absence of Landers McLarty's proffer of competent evidence overcoming its evidentiary admission in response to the motion in limine, it should be precluded at trial from attempting to introduce any evidence or make any argument to the contrary.

2. **Motion No. 2: Exclude Kansas Register documents not previously identified and relevant only to unpled defense**

The Court should exclude the two issues of the Kansas Register, identified as its exhibits 3 and 4, as irrelevant and prejudicial, and also because they were untimely disclosed and are not the best evidence of the facts it purports to represent.

The two Kansas Register exhibits at issue assert that Overland Park Jeep, Reed Auto's predecessor under the 2007 Settlement Agreement, added Chrysler and Dodge vehicle lines in 2008 and 2009 respectively. The only purpose of introducing these exhibits is to argue that OPJ did not sell these vehicle lines at the time it entered the 2007 Settlement Agreement. This evidence is irrelevant for several reasons.

First, during its Rule 30(b)(6) deposition, Lander McLarty admitted that it was not taking the position that the 2007 Settlement Agreement does not apply because Plaintiff supposedly was not selling a DaimlerChrysler vehicle line at the time of the protest. During the deposition, counsel for Plaintiff first established that the Motor Vehicle Addendum to the FCA US, LLC Dealer Agreement with Plaintiff gave Plaintiff the right to sell the Chrysler, Dodge, Jeep, and RAM line makes at the time of the protest. *See* Ex. A 101:12-103:4. Then the following exchange occurred:

*Q.: It's not one of Landers McLarty's positions that this paragraph is not operable because Reed Auto isn't actually selling a vehicle line that's a DaimlerChrysler line, is it?*

*A.: That's correct.*

*. . .*

*Q: Landers McLarty is not taking that position, correct?*

*. . . .*

*A.: That's correct.*

*See id.* at 103:19-23, 104:2-3, 6.

4

In accordance with the preceding authorities, Landers McLarty has admitted that it is not taking the position that the 2007 Settlement Agreement is not applicable on the purported basis that Reed Auto isn't selling a vehicle line that's a DaimlerChrysler line.

Second, despite litigating this case for two years, Landers McLarty has not argued that its no-protest promise is limited by which vehicle lines DaimlerChrysler manufactured were sold by OPJ or Reed Auto at any particular time. It failed to plead any such defense in its Answer, seek any such information in discovery, present any evidence on the issue at summary judgment, or include that issue in the pretrial order for determination at trial. Its attempt to add this argument at this stage is improper. *See Sperry v. Werholtz*, 321 Fed. App'x 775, 779 (10th Cir. 2009) (refusing to permit a party to raise arguments because they "were not included in the pretrial order and where therefore waived.").

Third, whatever other vehicle lines OPJ sold in 2007, it unquestionably sold Jeep vehicles. Landers McLarty does not deny that, in 2019, Reed Auto attempted to relocate the Jeep vehicle line, Landers McLarty protested that relocation, and success in that protest would have prevented Reed Auto from relocating the Jeep vehicle line. Landers McLarty therefore breached its obligations under the 2007 Settlement Agreement even if that agreement pertained only to the Jeep vehicle line.

Fourth, the 2007 Settlement Agreement expressly applies to "any DaimlerChrysler vehicle lines." (Emphasis added.) That is, the agreement's plain language states that Landers McLarty's promise not to protest competing vehicle lines is not limited to the vehicle lines OPJ happened to sell at the time the 2007 Settlement Agreement was signed. When OPJ or Reed Auto entered into franchise agreements to sell those lines is therefore irrelevant, and evidence on the issue should be excluded.

5

The Kansas Register exhibits should also be excluded under Rule 37, which permits the Court to bar evidence at trial that was not timely disclosed. *See* Fed. R. Civ. P. 37(c)(1); *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 Fed. App'x 334, 343 (10th Cir. 2020) (affirming a district court's order striking evidence that was not timely disclosed). Barring evidence under the rule is proper where a party "waited until the final day of discovery to disclose [evidence] they knew (or at least should have known) three and a half years prior." *Sonrisa Holding*, 835 Fed. App'x at 343.[2] Landers McLarty's untimely-disclosed exhibits should be excluded under this rule because the exhibits prejudice Reed Auto. Reed Auto expects Randy Reed and Norman Vialle—who owned Overland Park Ventures, Reed Auto's predecessor—to testify that they sold used vehicles of various makes in addition to new Dodge, Chrysler, Jeep, and RAM vehicles. If Landers McLarty had properly disclosed the Kansas Register exhibits, Reed Auto also could have obtained evidence that OPJ also openly sold various used vehicle lines at the time the 2007 Settlement Agreement was signed. In other words, Reed Auto could have conducted discovery to show that Landers McLarty knew at the time it entered the 2007 Settlement Agreement that OPJ actually sold the vehicle lines Landers McLarty claims were only added later. Because Landers McLarty only disclosed these exhibits—and the issue they seek to create—on the eve of trial, however, such discovery is not possible.

Finally, the Court should exclude the Kansas Register exhibits under Rule 1002 because they are not the best evidence of the facts they purport to reflect. The purpose of the rule "is to secure the most reliable information as to the contents of documents when those terms are

---

[2] In Landers McLarty's motions in limine, it agrees that the parties should not be entitled to present "any evidence that was not provided [to the opposing party] prior to the pretrial conference." ECF 118 p.4. The Kansas Register exhibits are therefore barred under Landers McLarty's own standard.

disputed." *Robertson v. M/S Sanyo Maru*, 374 F.2d 463, 465 (5th Cir. 1967) (quoting 1 McCormick on Evidence § 209 (1954)). Landers McLarty offers the Kansas Register exhibits because they allegedly show when certain vehicle lines were added to OPJ's inventory. But there is no evidence and, as set forth above, no witness qualified to testify that these records accurately reflect when and how OPJ added these lines. As Landers McLarty knows, each of these activities is governed by standard industry contracts. It could have sought those contracts from Reed Auto or by issuing subpoenas to other parties. In particular, it could have sought them from FCA US LLC—Landers McLarty obtained documents from FCA, but it neglected to request the documents that actually effected the transfers at issue. The Court should exclude its untimely and prejudicial attempt to add this secondary evidence.

### 3. Motion No. 3: Exclude evidence or argument on unpled defenses, or unidentified facts for pleaded defenses

Landers McLarty should be precluded from advancing new factual predicates to support its defenses, or from presenting evidence or argument in support of any unpled affirmative defense. Put differently, Landers McLarty should be barred from offering either new defenses or new alleged bases for its defenses.

#### a. Unidentified facts and theories in support of pled affirmative defenses

The Court should exclude evidence or argument in support of affirmative defenses that were not identified by Landers McLarty in its answers to interrogatories (as supplemented), in which Reed Auto asked Landers McLarty to identify the principal and material facts, documents and witnesses supporting those defenses. *See* Fed. R. Civ. P. 26(e)(1) (requiring supplementation of interrogatory answers), 37(c)(1) (setting exclusion of untimely disclosures).

For example, Landers McLarty attempted at summary judgment to raise a defense that the 2007 Settlement Agreement's no-protest promise was illegal or void as against public policy; it

7

had not pleaded or otherwise asserted this defense previously. *See* ECF 77. The Court ruled that the defense was untimely and, on reconsideration, reiterated that ruling and also held that the defense failed substantively. *See* ECF 96, 98. Landers McLarty should therefore be barred from introducing evidence or raising arguments relating to the legality of its agreement not to protest a competing dealer's relocation. *See Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1167 (10th Cir. 2017) (rejecting an affirmative defense that was not pleaded); *Franklin Am. Mortg. Corp. v. First Educ. Credit Union*, 3:11-0749, 2013 WL 5637033, at *3 (M.D. Tenn. Oct. 16, 2013) (precluding party from offering evidence at trial of claimed breach of contract that had not been disclosed in response to contention interrogatory); *Luddington v. Ind. Bell Tel. Co.,* 796 F. Supp. 1550, 1579 (S.D. Ind. 1990) (denying motion to reconsider court's exclusion of bases for discrimination claim that had not been revealed in interrogatory responses until after discovery had closed and summary judgment motion had been filed); *cf. Havenfield v. H & R Block, Inc.*, 509 F.2d 1263, 1271-72 (8th Cir. 1975) (affirming refusal to permit supplemental interrogatory answers submitted after discovery deadline and excluding related evidence thereon).

The example of illegality that Landers McLarty may improperly attempt to inject is only one example; it should not be permitted to offer facts beyond those that they identified as the principal and material facts in support of any of its affirmative defenses.

### b. Unpled affirmative defenses

"As a general rule, a defendant waives an affirmative defense by failing to plead it." *Burke v. Regalado*, 935 F.3d 960, 1040 (10th Cir. 2019). Accordingly, the Court should exclude evidence or argument on affirmative defenses that Landers McLarty did not plead in their answers (which they have not sought to amend). *See Racher*, 871 F.3d 1167 (rejecting an unpled affirmative defense).

4.  **Motion No. 4: Exclude all evidence or argument in support of previously-stricken or withdrawn defenses**

On relevance grounds, the Court should exclude evidence or argument to support affirmative defenses as to which the Court has granted judgment to Reed Auto, including illegality and public policy as explained above. *See* ECF 96, 98.

5.  **Motion No. 5: Exclude documents not produced in discovery**

The Court should bar Landers McLarty from introducing into evidence any documents not produced during discovery, under Rules 26(e) and Rule 37(c), that came within the scope of any of plaintiff's discovery requests (including but not limited to, interrogatories requesting the identification of certain principal and material documents, and related requests for production). A district court has broad discretion to exclude evidence the proffering party failed to disclose during discovery. *Sonrisa Holding*, 835 Fed. App'x at 339-40. That discretion is exercised properly to exclude any document "disclosed just before trial." *Dahlberg v. MCT Transp., LLC*, 571 Fed. App'x 641, 646 (10th Cir. 2014).

6.  **Motion No. 6: Exclude testimony of witnesses not included in Landers McLarty's Rule 26 disclosures**

Under Rules 26 and 37, the Court should exclude the testimony of any witness that Landers McLarty attempts to call at trial but did not disclose in Rule 26 disclosures or in its pretrial witness disclosures. *See* Fed. R. Civ. P. 26(e), 37(c)(1); *Sonrisa Holding*, 835 Fed. App'x at 339-40 (a district court should exclude evidence that was not timely disclosed); *Little v. Budd Co.*, 339 F. Supp. 3d 1202, 1207 (D. Kan. 2018) (a party failing to disclose witnesses timely "may preclude the party from offering an unidentified witness's testimony later in the proceedings").

7.  **Motion No. 7: Exclude all evidence or argument on settlement communications**

Reed Auto moves to exclude all evidence and argument concerning settlement communications. Rule 408 prohibits the admission of evidence of offers to compromise and

9

statements made during compromise negotiations, to prove or disprove the validity or amount of a disputed claim.  *See* Fed. R. Evid. 408.  The Rule "promot[es] . . . the public policy favoring the compromise and settlement of disputes." *Id.*, Advisory Committee Notes on 1972 Proposed Rules. There are no bases on which settlement-related communications in this case could be relevant, let alone fall outside the purposes prohibited by Rule 408.  To the extent there were any permissible use for such evidence or argument, its probative value would be outweighed by a substantial risk of unfair prejudice—such evidence could be improperly considered by the jury as a "concession of weakness of position." *Id.* Further, courts routinely exclude evidence regarding settlement communications.  *See, e.g.*, *Lane v. Buckley*, 755 Fed. App'x 745, 746 (10th Cir. 2018).

WHEREFORE, Plaintiff respectfully request that this Honorable grant these motions in their entirety and for such other and further relief as the Court deems just and proper.

Dated: August 18, 2021                POLSINELLI PC

 /s/ Phillip J.R. Zeeck
Todd H. Bartels                              KS #18148
tbartels@polsinelli.com
Phillip J.R. Zeeck                          D. Kan. #78493
pzeeck@polsinelli.com
E. Benton Keatley                        D. Kan. #78780
ebkeatley@polsinelli.com
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Phone: (816) 753-1000
Fax: (816) 753-1536

ATTORNEYS FOR PLAINTIFF REED AUTO
OF OVERLAND PARK, LLC

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 18th day of August 2021.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.  Parties may access this filing through the Court's CM/ECF system.

               */s/ Phillip J.R. Zeeck*
               Attorney for Plaintiffs