IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **REED AUTO OF OVERLAND PARK, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**LANDERS MCLARTY OLATHE KS, LLC,**<br><br>    **Defendant.** | Case No. 2:19-cv-02510-HLT |

## MEMORANDUM AND ORDER

This is a dispute between two competing car dealerships. Plaintiff Reed Auto of Overland Park alleges that Defendant Landers McLarty breached a contract that Landers McLarty entered in 2007 with another dealership that later sold its assets to Reed. Reed sued for breach of contract and other claims. Several claims were dismissed on summary judgment, and the case proceeded to a bench trial on Reed's breach of contract claim under a successor theory and its claim for malicious prosecution. On November 9, 2021, the Court found that Reed was not a successor under the contract and there was no malicious prosecution. It entered judgment for Landers McLarty.

Landers McLarty now moves for attorney's fees and costs under the contract. Doc. 155. For the reasons discussed below, Landers McLarty's motion is denied.

### I.     BACKGROUND

The factual history of this case was set forth in a memorandum and order issued November 9, 2021, following a bench trial. *See* Doc. 153. Highly summarized and as relevant to the motion for attorney's fees, Overland Park Jeep, Inc. ("OPJ"), Landers McLarty, and DaimlerChrysler Motors Company LLC executed a settlement agreement in 2007 ("2007 Settlement Agreement"). In the 2007 Settlement Agreement, Landers McLarty agreed not to protest the relocation or

establishment of DaimlerChrysler vehicles lines in the Overland Park sales area for 15 years. The agreement stated it inured to the benefit of and was binding on the successors, assigns, heirs, and legal representatives of the parties to the agreement. The 2007 Settlement Agreement also included a provision that entitled the prevailing party to recover reasonable attorney's fees and costs in connection with any dispute about the agreement.

Reed and OPJ subsequently entered into an asset purchase agreement under which Reed purchased the OPJ dealership. That agreement did not contemplate the 2007 Settlement Agreement. After Reed bought the dealership, it sought to relocate it to another location within the Overland Park sales area and filed a notice with the state to that effect. Under Kansas law, a dealer can protest another dealer's relocation within a ten-mile radius of its own dealership. Because the proposed new location for Reed's dealership was within that radius of Landers McLarty's Olathe Dodge dealership, Landers McLarty was able to protest the relocation. Although Landers McLarty was aware of the 2007 Settlement Agreement, it did not view it as enforceable by Reed. Accordingly, it filed a protest on April 25, 2019.

At the time Landers McLarty filed the protest, Reed was not aware of the 2007 Settlement Agreement. Reed learned about it in July 2019. OPJ assigned the 2007 Settlement Agreement to Reed on July 9, 2019.[1] Landers McLarty dismissed the protest on July 12, 2019, shortly after learning OPJ had formally assigned the 2007 Settlement Agreement to Reed. In Landers McLarty's view, the assignment made the 2007 Settlement Agreement an enforceable contract by Reed from that point on.

---

[1] There were originally two plaintiffs: Reed Auto of Overland Park, LLC, and its sole member, Reed Automotive Group, Inc. The Court dismissed all claims by Reed Automotive Group at summary judgment. Doc. 96 at 24. When the 2007 Settlement Agreement was assigned, it was first assigned by OPJ to Reed Automotive Group, which then assigned it to Reed Auto of Overland Park. *Id.* at 6-7. Although there may be differences in the assignments, the Court does not need to consider those differences to resolve this motion and therefore refers to them collectively as the July 2019 assignment.

2

Landers McLarty refused to reimburse Reed for the costs it incurred in defending against the relocation protest between April 25 and July 12, 2019. This lawsuit followed. Both parties sought summary judgment on various claims. The Court granted Landers McLarty summary judgment on some of Reed's claims, including breach of contract based on Reed's status as an assignee and third-party beneficiary under the contract, as well as a claim for violation of the Michigan Consumer Protection Act. Regarding Reed's theory that it was a party to the 2007 Settlement Agreement based on the July 2019 assignment, the Court dismissed that claim because Reed had not yet been assigned any rights under the 2007 Settlement Agreement at the time Landers McLarty filed its protest. Doc. 96 at 14. The Court did not—and was not asked to—address any other issue regarding the assignment other than whether it permitted Reed to pursue a breach-of-contract claim based on Landers McLarty's April 2019 protest. At summary judgment, the Court also rejected Landers McLarty's argument that a portion of the 2007 Settlement Agreement was void as contrary to public policy because Landers McLarty did not preserve that argument in the Pretrial Order. *Id.* at 9-11.[2]

The case proceeded to a bench trial on Reed's breach-of-contract claim under a successor theory, and on its malicious-prosecution claim. The Court ultimately found that Reed was not OPJ's successor and could not enforce the 2007 Settlement Agreement against Landers McLarty under that theory. The malicious-prosecution claim failed because Landers McLarty had probable cause to file the protest and did not act with malice. Doc. 153 at 14-16.

Landers McLarty now moves for attorney's fees and costs. Doc. 155. Its motion relies on Federal Rule of Civil Procedure 54 and the provision in the 2007 Settlement Agreement that allows a prevailing party to recover attorney's fees in connection with any dispute arising under or

---

[2] Landers McLarty moved to reconsider this ruling, but the Court denied the motion. Doc. 105.

3

concerning the agreement. Landers McLarty contends that Reed is a party to the 2007 Settlement Agreement for purposes of the prevailing-party provision based on the July 2019 assignment.[3] Reed opposes the motion. Doc. 161.[4]

## II.     ANALYSIS

### A.     Michigan's substantive law controls regarding claims for contractual attorney's fees.

The 2007 Settlement Agreement states that Michigan law applies. But subject-matter jurisdiction in this case is based on diversity, and the Court must determine whether attorney's fees are a procedural or substantive issue, and thus whether federal or state law controls. This is a two-step process. *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999). First, the Court considers whether the issue is substantive or procedural for purposes of *Erie Railroad Co. v. Tompkins*. *Id.* "Second, if the court has determined that the matter is substantive, then it looks to the substantive law of the forum state, including its choice of law principles, to determine the applicable substantive law." *Id.*

Under the first step, attorney's fees are substantive for *Erie* purposes. *See id.* Under the second step, the Court considers how Kansas, as the forum state, views attorney's fees. *See id.* Under Kansas law, attorney's fees are substantive. *See Atchison Casting Corp. v. Dofasco, Inc.*, 1995 WL 655183, at *8 (D. Kan. 1995). Because the 2007 Settlement Agreement states that Michigan law governs the substance of the agreement, the Court considers Michigan law in determining whether an award of attorney's fees is appropriate.

---

[3] Landers McLarty is only pursuing attorney's fees incurred after it dismissed its protest, which occurred shortly after the assignment. Doc. 155 at 7 n.4.

[4] Reed has appealed the final judgment. Doc. 158. But this Court retains jurisdiction to decide Landers McLarty's motion. *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (holding that a district court is not divested of jurisdiction over collateral matters not involved in an appeal).

### B. Because contractual attorney's fees are damages under Michigan law, they must be sought under a claim, and Rule 54 does not apply.

Michigan generally follows the American rule that each side in litigation pays its own attorney's fees. *Clarke v. Mindis Metals, Inc.*, 1996 WL 616677, at \*7 (6th Cir. 1996); *Wesley Corp. v. Zoom TV Prods.*, 2020 WL 1482503, at \*1 (E.D. Mich. 2020). There are exceptions, however, if attorney's fees are allowed by statute, court rule, common law, or contract. *Wesley Corp.*, 2020 WL 1482503, at \*1; *Grace v. Grace*, 655 N.W.2d 595, 603 (Mich. Ct. App. 2002). Contract provisions providing for the payment of attorney's fees are judicially enforceable. *Cent. Transp., Inc. v. Fruehauf Corp.*, 362 N.W.2d 823, 829 (Mich. Ct. App. 1984).

Under Michigan law, attorney's fees awarded under a contract "are considered damages, not costs." *Id.*; *see also Wesley Corp.*, 2020 WL 1482503, at \*2. Because contractual attorney's fees are damages under Michigan law, "a party attempting to collect contractual attorney fees must file a claim to recover such fees." *Wesley Corp.*, 2020 WL 1482503, at \*3; *Dryvit Sys., Inc. v. Great Lakes Exteriors, Inc.*, 96 F. App'x 310, 311 (6th Cir. 2004) ("Thus, the correct procedure is to plead the attorney's fees at trial."). "That is, the party seeking the award of attorney fees as provided under the terms of an agreement must do so as part of a claim against the opposing party." *Pransky v. Falcon Grp., Inc.*, 874 N.W.2d 367, 384 (Mich. Ct. App. 2015).

Further, Rule 54(d) does not apply to contractual attorney's fees because they are considered damages, not costs. *See Dryvit Sys.*, 96 F. App'x at 311; *see also* Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment (stating that Rule 54(d)(2) "does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury"). Accordingly, Landers McLarty may not seek contractual attorney's fees from Reed in a Rule 54 motion because the substantive law of Michigan requires them to be pursued in a claim

and proved at trial. *See* Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion <u>unless the substantive law requires those fees to be proved at trial as an element of damages</u>." (emphasis added)).

### C. Landers McLarty has not asserted or proved a claim for contractual attorney's fees in this case.

Having established that the substantive law of Michigan requires a party to bring a standalone claim to be entitled to contractual attorney's fees, *see Wesley Corp.*, 2020 WL 1482503, at *2; *Pransky*, 874 N.W. 2d at 384, the Court next turns to determining whether Landers McLarty has done so. Whether a claim has been pleaded or preserved is a question of procedure, and federal law governs. *See Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1145 (10th Cir. 2003); *cf. Crane Const. Co. v. Klaus Masonry*, 71 F. Supp. 2d 1138, 1141 (D. Kan. 1999) ("In a diversity action, state law controls the nature of a defense . . . but federal rules govern the manner and time the defense is raised, and waiver of the defense.").

#### 1. Landers McLarty has not asserted any claims in this case.

Landers McLarty has not asserted any claims in this case. At most, Landers McLarty has asserted a prayer for damages. Specifically, Landers McLarty's answer includes a request "that the costs and expenses of defending these claims be assessed against the Plaintiffs, including all attorney fees incurred, pursuant to the terms and conditions of the Settlement Agreement." Doc. 8 at 13. But it includes no counterclaim. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); *see also* Fed. R. Civ. P. 13 (governing counterclaims).

More importantly, Landers McLarty asserted no claims in the Pretrial Order. The Pretrial Order "supersedes all pleadings and controls the subsequent course of this case." Doc. 75 at 1. It controls the dimensions of the case and is intended to "sharpen and simplify the issues for trial"

6

and "insure the economical and efficient trial of every case on its merits without <u>chance or surprise</u>." *Koch v. Koch Indus., Inc.*, 179 F.R.D. 591, 596 (D. Kan. 1998) (internal quotation omitted). It should reflect a complete picture of the parties' contentions, and issues not included can be excluded from the case at the court's discretion. *Id.* The Pretrial Order controls post-trial issues as well. *See Barvick v. Cisneros*, 953 F. Supp. 341, 344 (D. Kan. 1997).

In the Pretrial Order, Landers McLarty asserts no legal claims. Doc. 75 at 14-17. It does state that "Defendant Landers McLarty is seeking to recover any and all attorney fees, paralegal fees, costs, and expenses incurred in defending the claims asserted by the Plaintiffs." *Id.* at 20. But under Michigan law, this is not enough to the extent Landers McLarty seeks to recover attorney's fees or paralegal fees under the 2007 Settlement Agreement.[5] *See Dryvit Sys.*, 96 F. App'x at 311; *Wesley Corp.*, 2020 WL 1482503, at *2; *Pransky*, 874 N.W. 2d at 384. A plain reading of the Pretrial Order does not include the requisite legal claim for contractual attorney's fees. *See Atchison Casting Corp.*, 1995 WL 655183, at *4 ("That attorneys' fees are a substantive issue, rather than merely a procedural point, further indicates the necessity of a party requesting them in the pretrial order.").

The Pretrial Order also does not state the theory under which Landers McLarty sought damages, which contractual attorney's fees are under Michigan law. This was specifically noted by Reed in the Pretrial Order:

> In addition, Plaintiffs deny that Landers McLarty has any right to a judgment for damages. Landers McLarty has not asserted a claim or counterclaim for any damages, the time for amending its pleadings to assert such a claim has long since passed, and, as the parties agree below, no amendments to the pleadings have been made. In addition, Landers McLarty has not asserted, let alone proved, any statutory or contractual basis for a damages award of any kind.

---

[5] Landers McLarty may still be entitled to recover its costs. *See* Fed. R. Civ. P. 54(d)(1). But an award of costs turns on compliance with D. Kan. Rule 54.1.

7

Doc. 75 at 19. Landers McLarty contends that Reed had sufficient notice that Landers McLarty was seeking contractual attorney's fees based on its answer. Doc. 173 at 6. But the Pretrial Order supersedes the pleadings, and it controls at this stage.

The need for Landers McLarty to elucidate its claim to contractual attorney's fees in the Pretrial Order is underscored by the particular issues in this case and the parties' respective positions. The primary dispute has been whether there was a contract between Reed and Landers McLarty. Reed maintained it was in privity of contract as a successor, third-party beneficiary, or assign under the 2007 Settlement Agreement. Landers McLarty argued there was no agreement between it and Reed. That Landers McLarty now wishes to essentially flip the script and enforce the 2007 Settlement Agreement against Reed only underscores the need for clarity and preciseness in the Pretrial Order. *See Atchison Casting Corp.*, 1995 WL 655183, at *4 (noting that a pretrial order's "purpose[] of bringing certainty concerning the issues to be determined and preventing unfair surprise are just as much appropriate to delineating the contours of post trial relief, especially where that relief is not implicit in the claims and defenses otherwise expressly preserved"). Landers McLarty's unwillingness to fully commit on this issue requires a finding that it has not asserted any claim for contractual attorney's fees as required by Michigan law.

Landers McLarty argues that the parties agreed in this case that attorney's fees would be addressed after trial. Doc. 173 at 7. But although there was discussion about whether and how attorney's fees—which are the only damages in this case for either side—would be addressed at trial, that discussion was in the context of the attorney's fees that Reed was seeking. The Court recalls no meaningful discussion or agreement that Landers McLarty would be able to pursue contractual attorney's fees after trial, or any discussion that put the Court on notice that Landers McLarty would be pursuing contractual attorney's fees at all.

Further, the case Landers McLarty relies on to make this argument, *Clarke*, involved claims asserted by both parties regarding a property lease.[6] The lease "placed the attorney's fees claim at the heart of the case; they were not a collateral matter." *Clarke*, 1996 WL 616677, at *9. The parties were able to stipulate to those attorney's fees being decided post-trial. *Id.* But they could not agree to make them a collateral issue. *Id.* In other words, the parties could change the timing of how the issue was resolved given that both parties asserted claims, but they could not change their nature. Here, there is no claim for contractual attorney's fees by Landers McLarty, and there can be no stipulation that transforms the issue into a collateral one that can be raised in a post-trial motion. Accordingly, Landers McLarty's reliance on *Clarke* is not persuasive.

### 2. There has been no judgment that Landers McLarty is entitled to contractual attorney's fees based on the July 2019 assignment.

Even if Landers McLarty's request for damages was sufficient to state a claim for contractual attorney's fees, it still would not be entitled to those fees because there has been no judgment in this case to that effect. Reed argues that Landers McLarty's motion requires a substantive change to the Court's judgment and that Landers McLarty has not met that burden under Rule 59. Doc. 161 at 14-16. But the problem is actually more straightforward: Landers McLarty now asks for an award of attorney's fees under the 2007 Settlement Agreement on the theory that the contract was assigned to Reed in July 2019 and that Reed breached the agreement by not paying Landers McLarty's attorney's fees as demanded. But the Court has not been asked to decide that issue in the first place. At most, there has been a determination that there was no contract between the parties in April 2019. *See* Doc. 96 at 13-15. But there has been no

---

[6] *Clarke* is somewhat unclear as to what claims were asserted and by whom. It states that Clarke filed a complaint in state court for unpaid rent and damage to property. *Clarke*, 1996 WL 616677, at *1. It then states that the defendant, Mindis Metals, removed the case, filed an amended complaint, and then amended its answer to file a counterclaim for damages. *Id.* At the very least, however, it appears that both parties in *Clarke* asserted claims.

determination as to whether the 2007 Settlement Agreement was validly assigned and then breached by Reed following the assignment in July 2019. Landers McLarty never moved for summary judgment on this issue, *see generally* Docs. 77-78, never asked for any findings of fact or conclusions of law on this issue, Doc. 133 at 31-32, and the issue was not addressed at trial. The Court can't award attorney's fees to Landers McLarty under these circumstances because "[a] trial court may not enter judgment on a claim that was not brought in the original action in the guise of a postjudgment proceeding." *Pransky*, 874 N.W.2d at 384.

### III. CONCLUSION

Because Landers McLarty has not made a claim for contractual attorney's fees in this case, its motion must be denied. The Court declines to rule on Reed's additional arguments in opposition to Landers McLarty's motion. *See* Doc. 161 at 16-23 (arguing that Landers McLarty is estopped from seeking attorney's fees under the 2007 Settlement Agreement, that the July 2019 assignments do not entitle Landers McLarty to attorney's fees, and that the time records include work that should not be part of any award). It is not necessary to reach those arguments given the rulings in this order.

THE COURT THEREFORE ORDERS that Defendant's Motion for Attorney Fees and Costs (Doc. 155) is DENIED.

IT IS SO ORDERED.

Dated: February 9, 2022                    /s/ *Holly L. Teeter*
                                           HOLLY L. TEETER
                                           UNITED STATES DISTRICT JUDGE

10